Dear Senator Duplessis:
You have requested an opinion of the Attorney General regarding the authority and purpose of the East New Orleans Neighborhood Advisory Commission ("Commission"). In your request you ask for an opinion and interpretation of Act. No. 887[1] of the 2008 Regular Session surrounding four key areas. You specifically ask if this legislation: (1) impedes the issuance of building permits by the City of New Orleans; (2) places a moratorium on building permits; (3) requires that residents or developers receive permission from a specific legislator in order to obtain a building permit; and (4) allows the City of New Orleans' Office of Safety and Permits to continue issuing permits.
In order to answer your questions, it is necessary to first discuss the statutory authority establishing the creation of the Commission. La.R.S. 33:9100.2 states that:
 [t]he East New Orleans Neighborhood Advisory Commission is hereby created. The commission shall constitute a body corporate in law, with all the powers of a corporation, and with all the powers and rights of a political subdivision of the state as provided by the constitution and laws of this state.
In setting forth the authority and purpose of the Commission, La.R.S.33:9100.4 provides that:
 A. The commission is established for the primary object and purpose of advising the appropriate governmental entities on matters of government policy. *Page 2 
B. Within the commission's area, the commission shall:
 (1) Present and further the interest of the individual homeowners in the area to aid in the preservation of property values and to improve the character and integrity of individual residential neighborhoods.
 (2) Educate and inform member neighborhood organizations and associations on matters and issues of general interest.
 (3) Participate in planning and improvement.
 (4) Participate with community-based organizations which seek to improve the community environment.
La.R.S. 33:9100.11 further provides that:
 A. The commission may advise the governing authority, the mayor, or any other agency, department, board, commission, or other entity of local or state government with respect to all proposed matters of government policy which affect the area, including but not limited to decisions regarding planning, zoning, streets, recreation, social services programs, education, health, safety, budget, and sanitation.
 B. The governing authority, mayor, or applicable agency, department, board, commission, or other entity of local or state government shall provide at least thirty days written notice to the commission officers of any intent to acquire or dispose of immovable property in the area or any intent to change the use of property owned or leased by the respective governmental entity in the area.
 C. (1) "Proposed government action" as covered by this Chapter includes but is not limited to action of the governing authority, the mayor, or any other agency, department, board, commission, or other entity of local or state government.
 (2) Each local or state agency, department, board, or commission, prior to transmitting to the governing authority or other respective governmental entity any proposed revenue bond issuance, or before the formation of any final policy, decision, or guidelines with respect to grant applications, comprehensive plans, requested or proposed zoning changes, variances, public improvements, licenses, or permits affecting the area, the parish budget and goals and priorities, proposed changes in local or state government services delivery, and opening of any proposed specialty *Page 3 
systems, shall provide at least thirty days advance notice of the proposed action to each commission officer.
 D. The issues and concerns raised in recommendation of the commission shall be given great weight during the deliberations of the governing authority, the mayor, or any other agency, department, board, commission, or other entity of local or state government. This requires acknowledgment of the commission as the source of the recommendation and reference to each issue and concern.
In answering your first question, of whether the legislation impedes the issuance of building permits, it is our opinion, based upon the statutes provided above, that there is no provision which "impedes" the issuance of building permits by the City of New Orleans. The requirement of providing notice to the Commission in La.R.S. 33:9100.11 (B) and (C)(2) does require an extra step of sending out such written notice. However, this requirement does not appear to "impede" the actual issuance of permits by the City of New Orleans, especially since no approval of the Commission is necessary for a permit to issue; the Commission need only receive notice. We are further supported in this conclusion by the fact that the Commission's statutorily granted authority is only advisory. La.R.S. 33:9100.4. Thus, while the Commission's recommendations are to be given great weight in the decision-making process, the Commission has no power akin to a veto authority. La.R.S. 33:9100(D).
Your second question can also be answered by using the analysis above. La.R.S. 33:9100.11 (B) and (C) (2) do require that written notice be provided to Commission in certain situations, but these provisions in no way amount to "a moratorium on building permits." In a recent New Orleans Civil District Court case, Judge Kern A. Reese likewise held that:
 the statute calls for notice of any of the afore said actions to be forwarded to "each commission officer". . .[w]hile action will not be withheld, notice must be given pursuant to this statute.[2]
In addressing your third question, there are no specific provisions in the legislation[3] which require that residents or developers receive permission from a specific legislator in order to obtain a building permit. Lastly, this legislation does allow the City of New Orleans Office of Safety and Permits to continue issuing permits, as long as notice to *Page 4 
the Commission is provided within the statutory time limits for the specific actions listed in La.R.S. 33:9100.11.
In addition to the analysis provided above, La.R.S. 33:9100.11, which establishes the advisory authority of the Commission, also specifically states that:
 F. (1) No provision of this Chapter is intended nor shall be construed to impede, interfere with, delay, or supersede any regulatory authority of the governing authority, the mayor, or any other agency, department, board, commission, or other entity of local or state government.
 (2) No provision of this Chapter is intended nor shall be construed to impede, interfere with, delay, or supersede any licensing functions, rulemaking, or decision making authority as provided for in the Administrative Procedure Act, formulation of policies and procedures, nor the award of grants by or to any agency.
Based upon the clear language of the above-discussed legislation, it is clear that no provision of the law,
 is intended nor shall not be construed to impede, interfere with, delay, or supersede any regulatory authority of the governing authority, the mayor, or any other agency, department, board, commission, or other entity of local or state government [or] any licensing functions, rulemaking, or decision making authority as provided for in the Administrative Procedure Act, formulation of policies and procedures, nor the award of grants by or to any agency, [4]
This further supports the answers and analysis provided in answering all of your questions above. It is therefore the opinion of this office that Act 887 of the 2008 Regular Session does not impede the issuance of building permits by the City of New Orleans or place a moratorium on the issuance of permits.
It is further our opinion that no permission from a specific legislator is necessary in the issuance of building permits, and that the City of New Orleans' Office of Safety and Permits may continue issuing permits as long as the notice requirements of La.R.S. 33:9100.11 are satisfied. *Page 5 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 DANIEL D. HENRY JR.
 Assistant Attorney General
 JDC/DDH/jv
[1] Act No. 887 was codified as La.R.S. 33:9100.1 through 9100.13.
[2] East New Orleans Neighborhood Advisory Commission v. Levy GardensPartners 2007, LP, Levy Gardens Partners, LLC, Devere Construction Co.,Inc. Carubba Engineering, Inc, and City of New Orleans, Reasons for Judgment, Docket No. 08-11044, Division "L", Section "6" (New Orleans CDC, 11/12/08).
[3] La.R.S. 33:9100.1-9100.13.
[4] Id. (establishing the East New Orleans Neighborhood Advisory Commission).